UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RONALD GURRIERI, DIANE MCCAULEY,
LAWRENCE LOISELLE, MARY TEDESCO,
EDWARD DONOGHUE, and all others
similarly situated,

                    Plaintiffs,

      -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, and NASSAU COUNTY
CIVIL SERVICE COMMISSION
                 Defendants.
-------------------------------------------------------X

**FILED CLERK**

2016 DEC 19 AM 10: 53

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**CV 16 - 6983**

SPATT, J.

LOCKE, M.J.

**VERIFIED COMPLAINT**
Jury Demanded on all Counts

Index No.:

## NATURE OF ACTION

1. This is a collective and class action lawsuit brought by Plaintiffs individually and on behalf of other similarly situated individuals who have, and who currently work for the Defendants, County of Nassau, Nassau County Police Department and Nassau County Civil Service Commission , who are classified as non-exempt employees from the overtime requirements of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq.*, who are not paid overtime compensation or a correct overtime premium for all hours worked in excess of thirty-six (36) per week.

2. Plaintiffs allege that Defendants violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., by failing to pay Plaintiffs their correct overtime premium pay for all hours worked in excess of thirty-six (36) per week, by failing to pay Plaintiffs an overtime premium for certain hours worked in

thirty-six (36) per week, by failing to pay Plaintiffs an overtime premium for certain hours worked in excess of thirty-six (36) per week and that Defendants acted in a manner that was willful and without good faith.

3. Plaintiffs further allege that Defendants' failure to pay correct compensation for all hours worked was made with a reckless disregard for Plaintiff's rights and in violation of the New York Labor Law ("NYLL") sections 650 et seq., including Part 142, section 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York Labor Law).

4. Plaintiffs bring this action on their own behalves and on behalf of all County employees who were and continue to receive incorrect payment for the performed overtime for all hours worked in excess of thirty-six (36) hours per week. The members of this proposed collective and class action, including the Plaintiffs, are referenced as "Members".

## JURISDICTION AND VENUE

5. This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Questions). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those derive from a common nucleus of operative facts.

6. Venue is appropriate under 28 U.S.C. § 1392(b)(2) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition,

Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district.

## PARTIES

7.  Plaintiff, Ronald Gurrieri, is a resident of Nassau County and was employed as an Ambulance Medical Technician ("AMT"), from July 11, 1980 until December 10, 1992. Plaintiff Gurrieri was promoted to AMT Supervisor on December 11, 1992 and later promoted provisionally to AMT Coordinator on April 4, 1997. Plaintiff Gurrieri was then made permanent AMT Coordinator on November 24, 1997 and holds that title presently. At all relevant times he has been an employee as defined by the FLSA and NYLL.

8.  Plaintiff, Diane McCauley, is a resident of Nassau County and has been employed as an AMT since July 22, 1994.  At all relevant times she was an employee as defined by the FLSA and NYLL.

9.  Plaintiff, Mary Tedesco, is a resident of Nassau County and was employed as an AMT from November 4, 1994 until May 3, 2016, when she was promoted to AMT Supervisor. Plaintiff Tedesco has been employed as an AMT Supervisor since May 3, 2016. At all relevant times she has been an employee as defined by the FLSA, EPA and NYLL.

10.  Plaintiff, Lawrence Loiselle, is a resident of Nassau County and has been employed as an AMT since June 21, 1991. At all relevant times he has been an employee as defined by the FLSA and NYLL.

11.  Plaintiff, Edward Donoghue, is a resident of Nassau County and was employed as an AMT from April 8, 1988 until April 13, 2015 when he was

promoted to AMT Supervisor. Plaintiff Donoghue has been employed as an AMT Supervisor since April 13, 2015. At all relevant times he has been an employee as defined by the FLSA and NYLL.

12. Defendant, County of Nassau, is a municipal corporation duly incorporated under the laws of the State of New York.

13. Defendant, Nassau County Police Department, is the Agency of the County of Nassau to which AMTs, AMT Supervisors, AMT Coordinators and all AMT titles are assigned.

14. Defendant Civil Service Commission is an agency of the County of Nassau and is responsible for the classification of county positions and establishment of compensation for county employees.

## COLLECTIVE ACTION

15. Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and the following class of persons:

16. All persons who have worked as AMTs, AMT Supervisors or AMT Coordinators and all AMT titles for the Defendants at any time from six years prior to the filing of this Action to the entry of judgment in this Action (hereinafter the "FLSA Class").

17. Plaintiffs and other members of the FLSA Class are similarly situated inasmuch as inter alia, they were at time required to work in excess of their bargained thirty-six (36) hour workweek and at all times, were not paid the correct overtime premium for all hours worked in excess of thirty-six (36) hours per week.

18. Defendants' conduct, as alleged herein, has been willful and has caused significant damage to the Plaintiff and the similarly situated employees.

## CLASS ACTION

19. The Plaintiffs also seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of themselves individually and all other similarly situated employees, who, during the relevant statute of limitations period, have worked as AMTs, AMT Supervisors and AMT Coordinators for Defendants with respect to the claim pleaded in Count II of the complaint.

20. Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

   a. The Class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

   b. There are questions of law or fact common to the class which predominate over and questions affecting only individual members;

   c. The claims or defenses of the representative parties are typical of the claims or defenses of the class;

   d. The representative parties will fairly and adequately protect the interest of the class; and

   e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Class Definitions

21. Plaintiffs seek certification of a class consisting of the following individuals:

All persons who have worked as AMTs, AMT Supervisors or AMT Coordinators and all AMT titles for the Defendants at any time from six years prior to the filing of this Action to the entry of judgment in this Action (hereinafter the "New York Class").

## Numerosity

22. Plaintiffs satisfy the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

23. The proposed class can be identified and located using Defendants' payroll and personnel records. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

## Common Questions of Fact or Law

24. There are questions of fact and law common to each class member which predominate over any questions affecting only individual members. The questions of fact and law common to each class member arising from Defendants' actions include, but are not limited to the following:

25. Whether Plaintiffs and class members have been paid an incorrect overtime premium rate for all hours worked in excess of thirty-six (36) per week;

26. Whether Plaintiffs and class members have been required to work Supplemental Days; and

27. Whether Defendants' failure to pay overtime compensation and the appropriate overtime premium has been willful.

28. The questions set forth above predominate over any questions affecting only individual persons. With respect to considerations of consistency, economy,

efficiency, fairness and equity, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## **Typicality**

29. Plaintiffs' claims are typical of the claims of class members. As a result of Defendants' unlawful conduct, Plaintiffs suffered similar injuries as those suffered by other members of the respective class they seek to represent.

## **Adequacy**

30. Plaintiffs are adequate representatives of the class they seek to represent because they are members of such class and their interests do no conflict with the interests of the members of the class they seek to represent. The interests of the class members will be fairly and adequately protected by the Plaintiffs and their undersigned counsel. Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

## **Superiority**

31. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually.

32. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

## **FACTS**

33. Plaintiffs work for defendant, Nassau County, specifically for the Nassau County Police Department ("NCPD"), as AMTs, AMT Supervisors and AMT Coordinators (hereinafter "AMTs"). Their duties include being dispatch via radio calls to the aid of those in need of medical care. Specifically, AMTs assess the situation and provide advanced life support techniques to help sustain life while enroute to a hospital.

34. There are approximately 130 AMTs in the Nassau County Police Department.

35. The 1996 MOU Pilot Program Agreement (hereinafter "1996 Agreement"), reached on September 12, 1996 set forth the schedule of AMTs, AMT Supervisors and AMT Coordinators.

36. The schedule set out in the 1996 Agreement consists of a four (4) week tour cycle.

37. Weeks 1-2 consists of three (3) consecutive 12-hour days for a total work week of thirty-six (36) hours, followed by four calendar days off. Week 3 of the cycle consists of three (3) 12-hour days for a total work week of thirty-six (36) hours, followed by three (3) calendar days off. Week 4 consists of three (3) consecutive 12-hour days for a total work week of thirty-six (36) hours, followed by four (4) calendar days off.

38. Overtime is defined in the 1996 Agreement as the hours worked or scheduled to be worked that exceed thirty-six (36) hours.

39. AMTs and AMT Supervisors assigned to Duty Chart 7 are required to complete three (3) extra 12-hour days per year.

40. These extra days are "Supplemental Days".

41. Plaintiffs are mandated to work three (3) 12-hour Supplemental Days every year.

42. Two of the days must be worked by the Plaintiffs without compensation while the third may be deducted from the Plaintiffs accrued compensatory, personal or vacation time at the option of the Plaintiffs.

43. In 2000, CSEA and the County entered into a Memorandum of Agreement ("2000 MOU") concerning several miscellaneous terms and conditions of employment of AMTs, AMT Supervisors and AMT Coordinators.

44. Specifically, the 2000 MOU made the schedule set out in the 1996 Agreement the permanent schedule of all AMTs, AMT Supervisors and AMT Coordinators.

45. During their employment, three weeks per year, Plaintiffs regularly worked 48-hour work weeks.

46. Plaintiffs were not paid overtime compensation when they worked more than 36 hours a week as a result of the Supplemental Day.

47. Plaintiffs were not paid overtime compensation when they worked more than thirty-six (36) hours a week as a result of the Supplemental Day.

48. Plaintiffs were never paid one and a half times their regular rate of pay when they worked more than 36 hours a week as a result of the Supplemental Day.

49. Moreover, when Plaintiffs do work over thirty-six (36) hours per week not resulting from Supplemental Days, Plaintiffs are compensated at the incorrect overtime rate.

50. AMTs, AMT Supervisors and AMT Coordinators are paid on a bi-weekly basis. The paychecks of AMTs, AMT Supervisors and AMT Coordinators reflect that they work eighty (80) hours during this two-week period when in reality they are only working seventy-two (72).

51. As a result, when the AMTs, AMT Supervisors and AMT Coordinators overtime rates are being calculated their salary is being divided by the incorrect number of hours, resulting in a lower hourly rate.

52. The result is an underpayment of overtime compensation.

53. Other departments in the Nassau County Police Department, including Communication Bureau Operators, work similar 12-hour shifts per week and their overtime rate are calculated correctly.

54. Additionally, Plaintiffs are not paid overtime compensation when they work more than thirty-six (36) hours during a week due to mutuals and tour changes.

55. "Mutuals" are shift swaps between employees. If an employee has a conflict with the work schedule to which he or she was assigned, the employee could find another employee who would work that shift. In return, the first employee would cover one of the second employee's shifts, as mutually agreed.

56. When Plaintiffs pay back a mutual or tour change beyond their current pay period, causing them to work beyond thirty-six (36) hours in a subsequent pay period, they are not paid overtime compensation.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 ET SEQ.
## FAILURE TO COMPENSATE FOR OVERTIME AND
## FAILURE TO COMPENSATE AT CORRECT OVERTIME
## PREMIUM RATE

57. Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 56 above.

58. At all times relevant to this Complaint, the Defendants have been and continue to be an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

59. At all times relevant to this Complaint, the Defendants have "employed" Plaintiffs suffering or permitting them to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

60. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

61. However, the FLSA is a minimum standard and employers may by collective bargaining agreement shorten the work week. *See* Addison v. Huron Stevedoring Corp., 69 F. Supp. 956, 958 (S.D.N.Y. 1947), rev'd sub nom. Aaron v. Bay Ridge Operating Co., 162 F.2d 665 (2d Cir. 1947), modified, 334 U.S. 446 (1948).

62. Nonetheless, employers must still pay employees overtime, equal to at least one and one-half times the employee's regular rate for all hours worked in excess of the stipulated work week. See Addison v. Huron Stevedoring Corp., 69 F. Supp. 956, 958 (S.D.N.Y. 1947), rev'd sub nom. Aaron v. Bay Ridge Operating Co., 162 F.2d 665 (2d Cir. 1947), modified, 334 U.S. 446 (1948).

63. Defendants' failures to pay overtime wages to Plaintiffs for such work violates the FLSA (29 U.S.C. §207).

64. Defendants' failures to pay the correct overtime premium to Plaintiffs for such work violates the FLSA (29 U.S.C. § 207).

65. Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiffs were not made in good faith within the meaning of the FLSA (29 U.S.C. § 260).

66. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

67. As a result of Defendants' violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and cost of litigation pursuant to 29 U.S.C. § 216(b).

## COUNT II
### VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19
### FAILURE TO PAY OVERTIME UNDER THE NEW YORK LABOR LAW

68. Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 67 above.

69. At all times relevant to this Complaint, Defendants were an "employer" of Plaintiffs within the meaning of the NYLL and the regulations pertaining thereto.

70. At all times relevant to this Complaint, Plaintiffs were an "employee" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

71. At all times relevant to this Complaint, Defendants employed Plaintiffs, suffering or permitting them to work within the meaning of NYLL and the regulations pertaining thereto.

72. Defendants failed to pay overtime premiums to Plaintiffs for all such work hours in excess of thirty-six (36) hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

73. Defendants failed to pay correct overtime premiums to Plaintiffs for all such work hours in excess of thirty-six (36) hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

74. Plaintiff and the other members of the New York Class are victims of a uniform compensation policy. This uniform policy, in violation of the New York Labor Articles, has been applied to all members of the New York Class and has deprived them of proper overtime compensation.

75. Defendants have acted willfully and have either known that their conduct violates the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles.

Defendants have not acted in good faith with respect to the conduct alleged herein.

76. As a result of Defendants 'violation of the NYLL and the regulations promulgated therein, Plaintiffs and all other members of the New York Class have incurred harm and loss in an amount to be determined at trial along with liquidated damages, attorneys' fees and cost of litigation, pursuant to the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, the Law Offices of Louis D. Stober, Jr., LLC. respectfully request judgment against Defendants, jointly and severally and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs and all others similarly situated for the nature, extent and duration of the damages, costs of this action and as follows:

77. Designate this action as a collective and class action;

78. Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all AMTs, AMT Supervisors and AMT Coordinators who currently work for or who have worked for Defendants within the last six years;

79. Authorize Plaintiffs' counsel to issue a notice at the earliest possible time to all current and former AMTs, AMT Supervisors and AMT Coordinators employed by the Defendants during the six years immediately preceding this

Action, informing them that this Action has been filed, of the nature of the
Action, and of their right to opt into this lawsuit if they worked in excess of
thirty-six (36) hours in a week during the liability period for which they were
not paid the FLSA-required overtime and/or not compensated at the correct
overtime rate.

80. Declare and find that the Defendants committed one or more of the following
acts:

81. Violated provisions of the FLSA by failing to pay overtime wages and correct
overtime premiums to Plaintiffs and similarly situated persons who opt into
this Action;

82. Willfully violated the overtime provisions of the FLSA

83. Violated the provisions of the NYLL by failing to pay overtime wages and
correct overtime premiums to Plaintiffs and all class members;

84. Willfully violated the applicable provisions of the NYLL.

85.  Award compensatory damages, including all overtime compensation owed, in
an amount according to proof;

86. Award interest on all NYLL claims and other compensation due accruing
from the date such amounts were due;

87. Award all costs, attorney's fees incurred in prosecuting this action as well as
liquidated damages under the FLSA and NYLL.

88. Award a tax bump up on any award to offset the tax consequences of a lump-
sum payment, calculated annually, in order to make each Plaintiff whole

again. *See* Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of New

York, 2016 WL 4129111, at *3 (S.D.N.Y. Aug. 3, 2016); and

89. Provide such further relief as the Court deems just and equitable.

Dated: Mineola, New York
December 15, 2016

Law Offices of
Louis D. Stober, Jr., LLC
Attorneys for Plaintiffs
98 Front Street
Mineola, New York 11501
(516) 742-6546

## VERIFICATION

STATE OF NEW YORK     )

                            : ss.:

COUNTY OF NASSAU     )

Ronald Gurrieri, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
RONALD GURRIERI

Sworn to before me this
15 day of December, 2016

_____
Notary Public

LOUIS D. STOBER
Notary Public, State of New York
No. 02ST4822083
Qualified in Nassau County
Commission Expires Oct. 31, 2018

## VERIFICATION

STATE OF NEW YORK      )
                                        : ss.:
COUNTY OF NASSAU      )

Lawrence Loiselle, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
LAWRENCE LOISELLE

Sworn to before me this
15 day of December, 2016

_____
Notary Public

LOUIS D. STOBER
Notary Public, State of New York
No. 02ST4822083
Qualified in Nassau County
Commission Expires Oct. 31, 20

## **VERIFICATION**

STATE OF NEW YORK     )
                          : ss.:
COUNTY OF NASSAU     )

      Mary Tedesco, being duly sworn deposes and says:

      I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

                                    _____
                                    MARY TEDESCO

Sworn to before me this
15 day of December, 2016

_____
Notary Public

LOUIS D. STOBER
Notary Public, State of New York
No. 02ST4822083
Qualified in Nassau County
Commission Expires Oct. 31, 20 18

## VERIFICATION

STATE OF NEW YORK        )
                                      : ss.:
COUNTY OF NASSAU       )

      Diane McCauley, being duly sworn deposes and says:

      I am the plaintiff in the within action; I have read the annexed Summons and

Complaint, know the contents thereof, and the same are true to my knowledge, except

those matters therein which are stated to be alleged on information and belief, and as to

those matters, I believe them to be true.


                                                          DIANE MCCAULEY

Sworn to before me this
/5 day of December 2016


_____
Notary Public

LOUIS D. STOBER
Notary Public, State of New York
No. 02ST4822083
Qualified in Nassau County
Commission Expires Oct. 31, 20 /8

## VERIFICATION

STATE OF NEW YORK     )
                          : ss.:
COUNTY OF NASSAU    )

Edward Donoghue, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

EDWARD DONOGHUE

Sworn to before me this
15 day of December, 2016

Notary Public

LOUIS D. STOBER
Notary Public, State of New York
No. 02S_4822083
Qualified in Nassau County
Commission Expires Oct. 31, 20 18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RONALD GURRIERI, DIANE MCCAULEY,
LAWRENCE LOISELLE, MARY TEDESCO,
EDWARD DONOGHUE, and all others
similarly situated,

                        Plaintiffs,

                                                          **SUMMONS AND
                                                          VERIFIED
                                                          COMPLAINT**

                                                          Jury Demanded on
                                                          all Counts

        -against-                                         Index No.:

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, and NASSAU COUNTY
CIVIL SERVICE COMMISSION
                        Defendants.
-------------------------------------------------------X

**SUMMONS AND VERIFIED COMPLAINT**

**Law Office of
LOUIS D. STOBER, JR., LLC
Attorneys for Plaintiff
98 Front Street
Mineola, New York 11501
(516) 742-6546
(516) 742-8603 fax**