```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RONALD GURRIERI, DIANE MCCAULEY,
LAWRENCE LOISELLE, MARY TEDESCO,
EDWARD DONOGHUE,                                    MEMORANDUM OF
 and all others similarly situated,                 DECISION & ORDER
                                                    2:16-cv-6983 (ADS)(SIL)
                        Plaintiffs,

            -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, NASSAU COUNTY
CIVIL SERVICE COMMISSION,

                        Defendants.
----------------------------------------------------------X
```

**APPEARANCES:**

**Law Offices of Louis D. Stober, Jr., LLC**
*Attorneys for the Plaintiffs*
98 Front Street
Mineola, NY 11501
     By:    Louis D. Stober, Jr., Esq., Of Counsel

**Bee Ready Fishbein Hatter & Donovan, LLP**
*Attorneys for the Defendants*
170 Old Country Road, Suite 200
Mineola, NY 11501
     By:    Deanna Darlene Panico, Esq.,
             Michael Paul Siravo, Esq., Of Counsel

**SPATT, District Judge**:

      Plaintiffs Ronald Gurrieri ("Gurrieri"), Diane McCauley ("McCauley"), Lawrence Loiselle ("Loiselle"), Mary Tedesco ("Tedesco"), and Edward Donoghue ("Donoghue") commenced this putative class action on behalf of themselves and others similarly situated (collectively, the "Plaintiffs") against the Defendants County of Nassau (the "County"), the Nassau County Police Department (the "NCPD"), and the Nassau County Civil Service Commission (the "NCCSC")

1

(collectively, the "Defendants"), alleging that the Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 650 *et seq.*, by failing to pay them overtime.

Presently before the Court are four motions: a motion for reconsideration by the Plaintiffs, pursuant to Local Civil Rule 6.3, of the Court's August 9, 2017 Order, ECF 25 (the "Order"), limiting overtime compensation to hours worked in excess of 40 hours; a motion by the Defendants pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6) to dismiss the complaint; and two ancillary motions related to the motion to dismiss, namely, a motion by the Plaintiffs for sanctions under Rule 11 and a motion by the Defendants to strike statements made by the Plaintiffs in their reply brief in support of sanctions.

For the following reasons, the Court denies the aforementioned motions in their entirety.

## I. BACKGROUND

On August 9, 2017, the Court granted a motion by the Defendants to dismiss the Plaintiffs' state law claims for failure to serve a timely notice of claim. ECF 25. In the Order, the Court granted the Plaintiffs leave to commence an action in New York State court to obtain *post hoc* permission by a court of competent jurisdiction to file a late notice of claims. ECF 25 at 17.

On August 11, 2017, the Court stayed the action pending the outcome of the state court action. August 11, 2017 Electronic Order.

On August 16, 2017, the Plaintiffs filed a motion to reconsider arguing, *inter alia*, that the Order contained a clear error of law with respect to purported gap-time claims raised in the Complaint. ECF 27. The Defendants opposed the motion on September 13, 2017, ECF 29, and the Plaintiffs replied on September 18, 2017, ECF 30. The Court held its consideration of the motion in abeyance pending the resolution of the state court action. September 20, 2017 Electronic Order.

On August 21, 2017, the Plaintiffs filed an Article 78 Petition in the New York State Supreme Court for Nassau County. ECF 35.

On April 9, 2018, Justice Anthony L. Parga granted the Plaintiffs' petition, and deemed the Plaintiffs' notice of claim to be timely filed *nunc pro tunc*. ECF 35, Ex. A.

On May 7, 2018, the Court lifted the stay and restored the Plaintiffs' NYLL claims. ECF 36.

On June 4, 2018, the Plaintiffs filed an Amended Complaint reflecting, among other things, the state court decision deeming their notice of claim timely filed. ECF 40.

On June 1, 2018 and June 13, 2018, the Plaintiffs submitted to examinations in accordance with Section 50-h of the New York General Municipal Law ("N.Y.Gen.Mun.Law").

On July, 3, 2018, the Defendants moved to dismiss the Amended Complaint under Rule 12(b)(6), ECF 47, claiming that "it is clear from the examination transcripts obtained during those 50-h examinations that the Plaintiffs are subject to an FLSA exemption known as the 207(k) exemption," ECF 47-1 at 1–2.

On July 12, 2018, the Plaintiffs opposed the motion to dismiss, and cross-moved for sanctions under Rule 11(b) on the ground that the motion to dismiss was frivolous. ECF 49, ECF 50.

On August 3, 2018, the Defendants replied to the opposition to the motion to dismiss and opposed the motion for sanctions. ECF 54.

On August 8, 2018, the Court granted the Plaintiffs leave to submit a 15-page reply brief, rather than the customary 10 pages, to account for the length of the Defendants' combined reply and opposition. August 8, 2018 Electronic Order. That same day, the Defendants moved to vacate the order, warning the Court that the Plaintiffs intended to use the excess pages to raise new

arguments. ECF 57. On August 9, 2018, the Court denied the motion, and instructed the Plaintiffs not to include any arguments in their reply that could have been raised in their opposition brief or initial motion for sanctions. August 9, 2018 Electronic Order.

On August 9, 2018, the Plaintiffs filed their reply memorandum. ECF 59. The next day, the Defendants moved to strike portions of the reply, accusing the Plaintiffs of abusing their reply by using it to submit a second opposition to the motion to dismiss. ECF 60. On August 10, 2018, the Plaintiffs responded. ECF 61.

## II. DISCUSSION

### A. THE MOTION FOR RECONSIDERATION

Local Civil Rule 6.3 permits a party to move for reconsideration of a court order within 14 days after the entry of the Court's determination of the original motion. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Of importance, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Reconsideration "is considered an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Butto v. Collecto* Inc., 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012) (Spatt, J.); *Diaz v. Bellnier*, 974 F. Supp. 2d 136, 139 (E.D.N.Y. 2013). "Ultimately, however, the decision on a motion for reconsideration is committed to the sound discretion of the district court." *Gupta v. Attorney General of U.S.*, 52 F. Supp. 3d 677, 679 (S.D.N.Y. 2014); *Butto*, 845 F. Supp. 2d at 494.

The Plaintiffs claim that the Order made a clear error of law by dismissing their gap-time claims under the NYLL. The Court disagrees. The Court did not dismiss any gap-time claims, because the Plaintiffs made no gap-time claims. The Complaint's only NYLL cause of action is for "FAILURE TO PAY OVERTIME UNDER THE NEW YORK LABOR LAW." ECF 1, Count II. In support of this cause of action, the Plaintiffs claim that the "Defendants failed to pay overtime premiums to Plaintiffs for all such work hours in excess of thirty-six (36) hours per workweek." *Id.* ¶¶ 73–74. In their prayer for relief, the Plaintiffs claim the Defendants "[v]iolated the provisions of the NYLL by failing to pay overtime wages and correct overtime premiums to Plaintiffs and all class members." *Id.* ¶ 83. At no point in time did the Plaintiffs make a claim for gap-time or otherwise assert unpaid straight time.

The Plaintiffs' suggestion otherwise strain credulity. As support for their claim, they cite two stranded statements in the Complaint. The first statement relates to the calculation of the alleged unpaid overtime rate. *Id.* ¶¶ 42–52. The latter statement relates to the failure to pay <u>overtime compensation</u> as required by the FLSA. *Id.* ¶ 65. Similarly, the Plaintiffs' opposition to the motion to dismiss argues: "it is clear that the Plaintiffs are entitled to <u>overtime compensation</u> for hours worked in excess of thirty-six (36) hours per week under . . . the NYLL." ECF 12 at 5

5

(emphasis added). The Plaintiffs' recharacterization of these statements as claims and arguments for gap-time pay are an attempt to present the case under new theories.

Therefore, the Court denies the motion for reconsideration.

**B. THE JULY 3, 2018 MOTION TO DISMISS AND RELATED MOTIONS**

The issue underlying the motion to dismiss is relatively simple – whether facts unearthed during 50-h examinations may serve as grounds for dismissing a complaint at the pleading stage. Notwithstanding the narrow scope of the motion to dismiss, the parties deemed it appropriate to supply the Court with numerous ancillary motions, filled with unnecessary collateral issues. It appears that the parties engaged in these tactics as maneuvers to get in the last word on the merits of the motion to dismiss. Whatever the reasons, the additional motion practice occurred at the detriment of a prompt, speedy and efficient resolution of the motion to dismiss. That being said, the Court denies each of the parties' motions – the Defendants' motion to dismiss; the Plaintiffs' motion for sanctions; and the Defendants' motion to strike – in their entirety.

   *1. As to the Motion to Dismiss.*

The FLSA exempts certain professions, such as law enforcement and fire protection, from the workweek method of wage and time calculations, instead opting to provide special calculation methods for overtime claims in these cases. 29 U.S.C § 207(k). Relevant here, in a 28-day period, Section 207(k) permits a law enforcement employer to pay its law enforcement personnel a regular wage for the first 171 hours worked, but then compels an overtime wage for work in excess of that threshold. 29 C.F.R. § 553.230. Based on examination of the transcripts attached to the motion to dismiss, the Defendants claim that the Plaintiffs are subject to this exemption, warranting dismissal of the action. The Court will not consider the transcripts, and accordingly denies the motion to dismiss.

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiffs. *See, e.g.*, *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bolt Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free Sch. Dist.*, 987 F.Supp.2d 260, 263 (E.D.N.Y. 2013).

Under the *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The Second Circuit has expounded that, after *Twombly*, the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss. FED. R. CIV. P. 8(a)(2). Under Rule 8, a complaint is not required to allege "detailed factual allegations." *Kendall v. Caliber Home Loans, Inc.*, 198 F.Supp.3d 168, 170 (E.D.N.Y. 2016) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "In ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which

might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

As for exhibits attached to the motion to dismiss, "[f]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion." *Amaya v. Ballyshear LLC*, 295 F. Supp. 3d 204, 216 (E.D.N.Y. 2018) (Spatt, J.); *see also Halebian v. Berv*, 644 F.3d 122, 130 n.7 (2d Cir. 2011) (noting that the Second Circuit has recognized "exceptions to Rule 12(b)(6)'s general prohibition against considering materials outside the four corners of the complaint"). In exercising its discretion, the Court may consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in [the] defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Envtl. Servs., Inc. v. Recycle Green Servs., Inc.*, 7 F. Supp. 3d 260, 270 (E.D.N.Y. 2014) (Spatt, J.); (quoting *In re Merrill Lynch & Co.*, 273 F.Supp.2d 351, 356–57 (S.D.N.Y. 2003), *aff'd in part and vacated in part on other grounds sub nom. Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71, 126 S.Ct. 1503, 164 L.Ed.2d 179 (2006)).

Here, the Defendants cite nothing in the Amended Complaint itself supporting the application of Section 207(k). Rather, the entirety of the motion to dismiss hinges on the Court's willingness to consider documents attached as exhibits to the motion. Specifically, New York State

law provides that "[w]herever a notice of claim is filed against a [county, the county] shall have the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made." N.Y. Gen. Mun. Law § 50-h. The Plaintiffs submitted to 50-h examinations on June 1, 2018 and June 13, 2018. The Defendants contend that the Court should consider the 50-h transcripts and dismiss the Plaintiffs' claims on the ground that the transcripts prove the Section 207(k) exemption applies.

The Court will not do so. Contrary to the Defendants' suggestion, the great weight of authority on this issue establishes that courts generally may not consider 50-h examination transcripts, because they fall outside the four corners of the complaint. *See, e.g.*, *Dodson v. Bd. of Educ. of the Valley Stream Union Free Sch. Dist.*, 44 F. Supp. 3d 240, 246 (E.D.N.Y. 2014) (finding that "the Court may not consider [50-h testimony] without converting Defendants' motion to dismiss into one for summary judgment"); *B. v. City of New York*, No. 14-cv-1021, 2016 WL 4530455, at *2 (E.D.N.Y. Aug. 29, 2016) (declining to consider 50-h testimony when plaintiff "did not attach or cite directly to any part of her 50-h testimony in her complaint" or "implicitly reference any part of the testimony in her complaint"); *Lozada v. City of New York*, No. 12-cv-0038, 2013 WL 3934998, at *1 n.2 (E.D.N.Y. July 29, 2013) ("The 50–h transcripts, however, are extrinsic documents that may not be considered in determining this motion."); *Willing v. Suffolk Cty. Dep't of Soc. Servs.*, No. 09-cv-5285, 2010 WL 2736941, at *3 (E.D.N.Y. July 8, 2010) (finding that 50-h "testimony may not properly be considered on a Rule 12(b)(6) motion") (Spatt, J.).

This case resembles another case where the Court addressed the appropriateness of reviewing 50-h transcripts at the pleading stage. In *Augilera v. County of Nassau*, 425 F. Supp. 2d 320 (E.D.N.Y. 2006) (Spatt, J.), the Defendants relied on Rule 50-h testimony in support of their

9

motion to dismiss, claiming that the plaintiff incorporated the testimony by reference into their complaint. In declining to consider the testimony, the Court stated:

> The plaintiff does not incorporate his 50-h testimony by reference in the complaint. Nor has the plaintiff attached the transcript to the complaint, in whole or in part. Finally, there is no reason to believe that the plaintiff relied on the transcript of his own testimony, rather than his independent recollection of the events, in drafting the pleading. Accordingly, in the resolution of this motion, the Court will consider only those allegations contained in the complaint.

*Id.* at 323. Similarly, here, the Defendants point to nothing in the Amended Complaint attached, incorporated by reference, or otherwise suggesting that the Plaintiffs relied on the 50-h transcripts while drafting their claims.

For this reason, the Amended Complaint is also distinguishable from the cases relied upon by the Defendants. Rather than establishing a *per se* rule that Defendants may rely on 50-h examination transcripts to seek dismissal of an action at the pleading stage, they merely found that courts may consider such documents when they fall into one of the above-described exemptions to the general rule requiring courts to solely rely on facts provided in the complaint. *See Dellate v. Great Neck Union Free Sch. Dist.*, No. 09-cv-2567, 2010 WL 3924863, at *4 (E.D.N.Y. Sept. 30, 2010) (considering 50-h examination because the plaintiff "assert[ed] that the transcript should be considered here 'as part of the pleadings''); *Peone v. Cty. of Ontario*, No. 12-cv-6012, 2013 WL 775358, at *1 (W.D.N.Y. Feb. 28, 2013) ("[I]t is permissible to consider a 50–h hearing transcript where, as here, the Complaint refers to the hearing, the hearing transcript was available to all parties, and all parties relied on portions of the hearing transcript in connection with the subject motion to dismiss."). As the Defendants make no argument that any such exemption applies, beyond the attendance of the Plaintiffs' counsel at the examinations, the Court finds no such exemption to be appropriate.

Therefore, the Court denies the motion to dismiss in its entirety.

*2. As to the Motion for Sanctions.*

Under Rule 11, to avoid the risk of sanctions, counsel must undertake reasonable inquiry to "ensure that papers filed are well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Gal v. Viacom Int'l, Inc.*, 403 F.Supp.2d 294, 307 (S.D.N.Y.2005) (internal quotation marks omitted) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)). In considering a motion for sanctions under Rule 11, this Court applies an objective standard of reasonableness. *See MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 73 F.3d 1253, 1257–58 (2d Cir.1996). Moreover, "Rule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir.1986) (internal quotation marks and citation omitted). In addition, "when divining the point at which an argument turns from merely losing to losing and sanctionable, ... courts [must] resolve all doubts in favor of the signer" of the pleading. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir.1993) (internal quotation marks omitted).

The Court finds no basis for awarding sanctions. The Court has reviewed the Defendants' submissions and cannot say that their arguments are "utterly lacking support" as the Plaintiffs contend. ECF 49 at 13. The Defendants cite pertinent statutes, regulations and case law in support of their claim. Their arguments, while ultimately without merit, are cogently reasoned. The mere fact that they could not sustain a successful motion to dismiss cannot support Rule 11 sanctions. *See, e.g.*, *Coggins v. Cty. of Nassau*, 988 F. Supp. 2d 231, 253 (E.D.N.Y. 2013) ("That the Court denies the majority of the motion does not warrant the imposition of sanctions."); *Scientific Components Corp. v. Sirenza Microdevices, Inc.*, No. 03-cv-1851, 2007 WL 1026411, at *5 (E.D.N.Y. Mar. 30, 2007) ("The court agrees that [the defendant] has been imprudent in choosing to litigate this claim. However, Rule 11 sanctions are not appropriate where there is a viable claim

that is weak."); *Eisenberg v. Yes Clothing Co.*, No. 90-cv-8280, 1992 WL 36129, at *4 (S.D.N.Y. Feb. 19, 1992) ("Rule 11 sanctions are not to be imposed on every litigant that files a motion that the Court deems premature, or ill-advised, or weak.").

To the extent that the Plaintiffs' desire to sanction the Defendants based on "unsupported and conclusory" arguments, the Court disagrees. ECF 49 at 13. The Plaintiffs bring this motion citing no dilatory tactics by the Defendants; putting forward no evidence of bad faith; and drawing the Court's attention to no analogous case law awarding sanctions in comparable circumstances. Trivial and conclusory argumentation alone does not justify the award of sanctions. The Court notes that the Plaintiffs' own papers contain such bare-bones argumentation. For instance, the Plaintiffs asserted, without citing any rules or case law, that the Defendants waived the arguments in the motion to dismiss by failing to raise them in an earlier motion to dismiss. The Plaintiffs made this argument notwithstanding Rule 12(g)'s explicit endorsement of successive motions to dismiss for failure to state a claim. *See Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 214–15 (E.D.N.Y. 2013) (Spatt, J.) (collecting cases). Certainly, the Plaintiffs do not believe that such an argument warrants the imposition of sanctions. The Defendants are entitled to the same consideration. Rule 11 motions should be reserved for situations where they are truly appropriate. *See Park v. Seoul Broadcasting Sys. Co.*, No. 05-cv-8956, 2008 WL 619034, at *1 (S.D.N.Y. Mar. 6, 2008) ("Courts have cautioned litigants that Rule 11 sanctions are reserved for extraordinary circumstances.").

Therefore, the Court denies the Plaintiffs' motion for sanctions.

3. *As to the Motion to Strike.*

Turning to the Defendants' motion to strike, the Court finds that it also lacks merit. Notably, this motion comes only after the Court previously denied a motion to vacate an order

providing the Plaintiffs with leave to include five extra pages in their reply. In light of the Defendants' 17-page combined opposition and reply, the Court found providing an additional five pages of briefing to be reasonable. The Defendants objected to the award of additional pages to the Plaintiffs. In their mind, the Plaintiffs intended to use these pages to raise new arguments and gain an impermissible surreply. Aware of this possibility, the Court denied the Defendants' motion to vacate, but explicitly assured the Defendants that it would not consider arguments improperly raised for the first time in the reply.

Fully understanding the Court's views regarding new arguments, the Defendants nonetheless moved to strike portions of the reply. Regarding the Court's statements about new arguments, the Defendants explained:

> Please note that while Defendant is aware of the Court's acknowledgement and does not doubt the Court's "ability to distinguish between proper reply arguments and those impermissibly raised for the first time," Defendant is nonetheless respectfully seeking to have Plaintiffs' improper arguments stricken from the record in their entirety. Without having Plaintiffs' improper arguments stricken from the record, in the event this matter is appealed, Defendant runs the risk of having to relitigate the issue of Plaintiffs' improper reply. This would certainly prejudice the Defendant. Defendant, and if need be the appropriate appellate court, need to have a clean and uncontroverted record.

ECF 60 at 30. The Court finds this explanation unpersuasive and denies the motion to strike portions of the reply.

It is well-established that "[a]rguments may not be made for the first time in a reply brief." *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993). Therefore, "[n]ew arguments first raised in reply papers in support of a motion will not be considered." *Domino Media, Inc. v. Kranis*, 9 F.Supp.2d 374, 387 (S.D.N.Y. 1998). However, "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136, 144 (S.D.N.Y. 2013) (quoting

*Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000)). Ultimately, it is within the Court's discretion whether to strike portions of reply papers. *Monaghan v. Airlines*, No. 16-cv-3528, 2018 WL 3682482, at *4 (E.D.N.Y. Aug. 2, 2018).

The Defendants' opening brief in support of their motion to dismiss made a three-page argument in favor of dismissal, citing one transcript and no analogous case-law. In contrast, the legal argument in their reply brief spans over 15 pages; contains four additional transcripts; and cites numerous cases omitted from their initial papers. The Court's individual rules limit reply memoranda to 10 pages. Individual Rule IV.B.(i). The Defendants apparently took advantage of the filing of the Plaintiffs' Rule 11 motion to extend the length of their reply brief beyond what the Court would normally allow. In essence, the Defendants are asking the Court to limit the Plaintiffs' reply to the two pages of the brief actually dedicated to their opposition to the motion for sanctions, a limit that the Defendants failed to apply to their own motion papers.

The Rule 11 motion challenges the frivolousness of the motion to dismiss. Therefore, the merits of the motion to dismiss are pivotal to the resolution of the Court's sanctions determination. Against this backdrop, the Plaintiffs' reply arguments are appropriate, considering they did not introduce new bases for relief and simply responded to the arguments in the Defendants' opposition. *See Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 299 (E.D.N.Y. 2016) ("As Defendant's arguments are responsive to Plaintiff's memorandum of law in opposition, Defendant has not improperly asserted arguments for the first time in its memorandum of law in reply."); *Gayle v. Harry's Nurses Registry, Inc.*, No. 07-cv-4672, 2012 WL 4174401, at *1 (E.D.N.Y. Sept. 18, 2012) ("Plaintiffs did not have an obligation to anticipate in their opening papers the specific arguments Defendants raised in their opposition; their response to those arguments was properly raised in their reply. Defendants' motion to strike is therefore denied.").

Therefore, the Court denies the Defendants' motion to strike portions of the reply.

## III.  CONCLUSION

For the foregoing reasons, the Court denies the motion for reconsideration, the motion to dismiss, the motion for sanctions, and the motion to strike, all in their entirety.

It is **SO ORDERED**:

Dated: Central Islip, New York

December 14, 2018

   /s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge