PETER A. BEE*
RICHARD P. READY
PETER M. FISHBEIN
JAMES R. HATTER
THOMAS J. DONOVAN †
KENNETH A. GRAY
DONALD J. FARINACCI
WILLIAM C. DeWITT

OF COUNSEL

EDWARD P. RA
ROBERT G. LIPP †
ROBERT R. McMILLAN *(Retired)*

\* ALSO ADMITTED IN FL
\*\* ALSO ADMITTED IN NJ
† DECEASED

SENIOR ASSOCIATES

\*\*STEPHEN L. MARTIR
\*\*ANDREW K. PRESTON
DEANNA D. PANICO

ASSOCIATES

† BRIAN A. SUPER
PETER OLIVERI, JR.
RHODA Y. ANDORS
JASON S. GREENFIELD
THEODORE GORALSKI
MORGAN A. CLINE
JASON P. BERTUNA

ᴮᴱᴱ READY FISHBEIN HATTER & DONOVAN, LLP

# B R F H & D

### A T T O R N E Y S-A T-L A W

May 6, 2021

Hon. Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: ***Gurrieri et al. v. Nassau County***
**Docket No. 16-cv-06983 (GRB)(SIL)**

Dear Judge Brown,

This law firm represents the Defendant in the above referenced action. We are writing in opposition to Plaintiffs' May 5, 2021 motion for reconsideration in which Plaintiffs ask the Court, *inter alia*, to "strike the portion of the settlement agreement that requires consent forms and releases be obtained from 95% of the Opt Ins." As Plaintiffs' Counsel is well aware, Defendant demanded inclusion of that settlement term in light of the various complaints received from Union members related to this settlement and the settlement of a related action, *Chodkowski, et al. v. County of Nassau*, 16-cv-5770. While the complaints were made by opt-ins from the *Chodkowski* action, the complaints repeatedly reference the settlement and monetary settlement distribution in this Action. Needless to say, the Defendant County is concerned that that the settlement could go forward with a number of opt-ins opting-out of the settlement and thereby leaving the County with a multi-million-dollar bill and unresolved future claims.

The 95% approval rate is a material term of the settlement and the Defendant will exercise its rights under Paragraph 39 of the Settlement Agreement, to declare the Settlement Agreement null and void, if the terms of the Settlement Agreement pertaining to the 95% approval rate are struck therefrom.

Address: 170 Old Country Road • Suite 200 • Mineola, NY 11501 • Telephone (516) 746-5599 • Fax (516) 746-1045

Plaintiffs only justification for the instant motion is that the Plaintiffs do not want to wait two months for the fairness hearing. This is not a legitimate ground for striking a material term of the Settlement Agreement.

Therefore, it is respectfully requested that the Court deny Plaintiffs' motion for reconsideration to the extent that it seeks to strike the 95% approval rate required by the explicit terms of the Settlement Agreement.

Thank you for your consideration of this matter.

Respectfully submitted,

Deanna Panico